## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADLEY C. BIRKENFELD<br>140 Spinola Road<br>St. Julian's STJ 3011<br>Republic of Malta<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br>OFFICE OF THE INSPECTOR GENERAL<br>245 Murray Lane SW<br>Mail Stop 0305<br>Washington, DC 20528<br><br>    Defendant. | Case No.: _____ |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### **NATURE OF ACTION**

  1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel Defendant Department of Homeland Security ("DHS") to produce records responsive the FOIA request served by Plaintiff on or about November 7, 2021.

  2. Plaintiff seeks to compel the release of records that pertain to him and are maintained by Defendant. The records relate to testimony Plaintiff gave before the U.S. Senate Committee on Homeland Security and Government Affairs Permanent Subcommittee on Investigation ("PSI"), including without limitation the transcript of Plaintiff's testimony, wherein Plaintiff disclosed information regarding a tax evasion scheme aiding U.S. offshore banking customers by a Swiss multinational bank, UBS Group AG ("UBS").

1

3. Despite Plaintiff's compliance with all statutory requirements, Defendant has been unresponsive to Plaintiff's valid FOIA request.

4. Plaintiff seeks (i) declaratory relief that Defendant is in violation of law for withholding the requested records and (ii) injunctive relief requiring Defendant to immediately and fully comply with Plaintiff's FOIA request.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. The cause of action arises under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 706.

7. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff is a native-born United States citizen currently residing in the Republic of Malta.

10. Defendant United States Department of Homeland Security is the government agency with primary responsibility for securing our nation from terrorist attacks and other potential threats. The Department of Homeland Security's Office of Inspector General is an Office within Defendant and is responsible for providing oversight and accountability within Defendant. Defendant is an agency within the meaning of 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

11. At various times between September 16, 2021 and November 7, 2021, Plaintiff submitted FOIA requests to the Tax Division of the Department of Justice ("DOJ"), the Internal

Revenue Service of the Department of Treasury ("IRS"), and Defendant. The request sought the following:

> Transcript of all testimony of Witness Bradley C. (Charles) Birkenfeld, taken on or about October 11, 2007, given before the U.S. Senate Committee on Homeland Security and Government Affairs, Permanent Subcommittee on Investigations.

### I.     Plaintiff's Prior FOIA Requests

#### A.     DOJ Request

12.    On September 16, 2021, Plaintiff, through counsel and pursuant to FOIA, made a request to the DOJ for the transcript containing his testimony given before the PSI on October 11, 2007.

13.    On September 27, 2021, the DOJ received Plaintiff's FOIA request.[1]

14.    On November 5, 2021, Plaintiff's counsel contacted the DOJ to inquire about the status of the FOIA request.

15.    That same day, the DOJ denied Plaintiff's FOIA request to the DOJ, stating that the request related to tax information that is exempt from disclosure under FOIA exemptions 3 and 6.[2]

16.    On December 13, 2021, Plaintiff appealed the denial and submitted Plaintiff's fully executed DOJ-361, authorizing the agency to disclose any tax information to his counsel.

17.    By letter dated December 22, 2021, the DOJ responded to Plaintiff's appeal, stating that it "found no pages from its records responsive to [the] request."[3]

---

[1] Letter from Carmen Banerjee, Senior Division Counsel for FOIA and PA Matters, Tax Division, DOJ, to Samantha Block, Counsel for Plaintiff (Nov. 5, 2021) (Ex. 1).
[2] *Id.*
[3] Letter from Carmen Banerjee, Senior Division Counsel for FOIA and PA Matters, Tax Division, DOJ, to Samantha Block, Counsel for Plaintiff (Dec. 22, 2021) (Ex. 2).

### B. IRS Request

18. On September 16, 2021, Plaintiff, through counsel and pursuant to FOIA, submitted to the IRS, Department of Treasury, a written request for the transcript containing his testimony given before the PSI on October 11, 2007.

19. On September 27, 2021, the IRS received Plaintiff's request.[4]

20. On October 6, 2021, the IRS responded to Plaintiff's request and stated that the agency did not possess the documentation described in the FOIA request submitted to the IRS. In its letter of October 6, 2021, the IRS asserted that "[t]he records you seek appear to be records of the Department of Homeland Security" and suggested Plaintiff submit a FOIA request to Defendant.[5]

## II. Plaintiff's FOIA Request to Defendant DHS

21. On November 7, 2021, Plaintiff, through counsel, submitted to the Defendant's Security of Freedom of Information Act Public Access Portal (the "DHS Portal") a request, pursuant to FOIA, seeking production of the transcript containing his testimony given before the PSI on October 11, 2007 (the "FOIA Request"). (Ex. 4)

22. That same day, Defendant acknowledged receipt of the FOIA request via e-mail. Plaintiff's FOIA Request was assigned number (2022-IGFO-00036) by Defendant. (Ex. 5)

23. According to Defendant's Portal, Plaintiff's FOIA Request was received by Defendant on November 8, 2021.

24. On December 13, 2021, Plaintiff inquired via e-mail about the status of the FOIA Request. Defendant did not respond to Plaintiff's request.

---

[4] Letter from Sara Bien, Disclosure Manager, Department of Treasury, IRS, to Samantha Block, Counsel for Plaintiff (Oct. 6, 2021) (Ex. 3).

[5] *Id.*

4

25. On December 13, 2021, Defendant's Portal indicated that a response would be forthcoming by December 13, 2021.

26. By January 3, 2022, Defendant had failed to respond to the FOIA Request. Plaintiff again contacted Defendant via e-mail to inquire about the status of the FOIA Request.

27. After receiving no response, on January 20, 2022, Plaintiff again sent an e-mail to Defendant and asked for an update regarding the status of the FOIA Request.

28. To date, Defendant has not yet responded to Plaintiff's FOIA Request.

29. To date, Plaintiff has not received any portion of the requested transcript. As the agency failed to respond to Plaintiff's November 7, 2021 FOIA Request and subsequent inquiries, Plaintiff has exhausted his administrative remedies. Thus, Defendant has failed to respond to Plaintiff's request within the applicable time limit. *See* 5 U.S.C. § 552 (A)(6)(A).

## **CLAIMS FOR RELIEF**

### **COUNT ONE**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Conduct an Adequate Search for Responsive Records**

30. Plaintiff realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

31. Defendant is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Plaintiff's FOIA Request.

32. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

33. Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's requests violates, at a minimum, 5 U.S.C. § 552(a)(3)(C) and the regulations promulgated thereunder.

## COUNT TWO
### Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Disclose Responsive Records

34. Plaintiff realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

35. Defendant is obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA Request.

36. Plaintiff has a legal right to obtain the requested records, and no legal basis exists for Defendant's failure to disclose them.

37. Defendant's failure to disclose responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## COUNT THREE
### Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Respond within Time Required

38. Plaintiff realleges and incorporates by reference as if fully set forth herein each of the preceding paragraphs and allegations.

39. The Defendant is obligated under 5 U.S.C. §§ 552(a)(3)(A) and 552(a)(6)(A)(i) to promptly produce records responsive to Plaintiff's FOIA request. Plaintiff thus has a legal right to obtain such records within the statutorily prescribed time limit, and no legal basis exists for the Defendant's failure to disclose them within that period.

40. The Defendant's failure to disclose all responsive records within the time limit prescribed by statute violates, at a minimum, 5 U.S.C. §§ 552(a)(3)(A) and 552(a)(6)(A)(i), as well as the regulations promulgated thereunder.

## REQUEST FOR RELIEF

41. WHEREFORE, Plaintiff respectfully moves this Court to issue an Order:

   a. Declaring that Defendant violated the relevant provisions of the Freedom of Information Act by failing to lawfully respond to Plaintiff's November 7, 2021 FOIA Request;

   b. Requiring the prompt production of all requested records that have been improperly withheld by Defendant;

   c. Ordering that no fees are chargeable to Plaintiff for searching, and that fees, if any, for copying of records are chargeable only to the extent of reasonable, direct cost;

   d. Retaining jurisdiction of this action to ensure Defendants compliance with this Order;

   e. Enjoining Defendant from improperly withholding records responsive to Plaintiff's FOIA requests;

   f. Awarding reasonable costs and attorney fees, as permitted under FOIA, 5 U.S.C. § 552(a)(4)(E); and

   g. Granting such other relief to Plaintiff as the Court may consider appropriate.

Date: March 9, 2022

Respectfully submitted,

/s/ *Mark J. MacDougall*
Mark J. MacDougall
D.C. Bar No. 398118
Samantha J. Block
D.C. Bar No. 1617240

AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006 |
(202) 887-4000

*Counsel for Plaintiff*